```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                         EASTERN DIVISION

CAROL S. NEAL                                            PLAINTIFF


VS.                             CIVIL ACTION NO. 4:08CV56TSL-LRA

21ST MORTGAGE CORPORATION                                DEFENDANT


21ST MORTGAGE CORPORATION                     THIRD-PARTY PLAINTIFF

VS.

MARTIN, ROGERS & MITTS, LLP                 THIRD-PARTY DEFENDANTS
AND WALTER T. ROGERS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of third-party defendants Martin, Rogers & Mitts, LLP and Walter T. Rogers (collectively Rogers) to dismiss the third-party complaint pursuant to Rules 12(b)(6) and 14(a) of the Federal Rules of Civil Procedure. Third-party plaintiff 21st Mortgage Corporation (21st Mortgage) has responded in opposition to the motion, and the court, having considered the parties' memoranda of authorities, together with the complaint and the third-party complaint, and exhibits thereto, concludes that the motion is well taken and should be granted.

On June 9, 2008, plaintiff Carol Neal filed this action against 21st Mortgage for alleged violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. According to the

complaint, in January 2008, plaintiff contracted to purchase a mobile home from Johnson Mobile Homes. 21st Mortgage financed the purchase, taking a security interest in the mobile home and land owned by plaintiff. Plaintiff alleges that following the closing, she timely exercised her right to rescind the transaction, and yet 21st Mortgage, in violation of the Truth-in-Lending Act, refused to release its security interest unless she paid 21st Mortgage various attorney and appraisal fees of $1,169.

On December 15, 2008, with leave of court, 21st Mortgage filed a third-party complaint against Rogers, the closing attorney on the loan transaction. In its third-party complaint, 21st Mortgage asserts that the first notice it received that Neal claimed to have exercised her right to rescind was upon being served with Neal's complaint in this cause, and it alleges specifically that "neither Rogers, nor his law firm, nor the Plaintiff, provided 21st Mortgage with Notice of Right to Rescind." 21st Mortgage further asserts that Neal's allegations that it refused to cancel its Deed of Trust and release its lien are "wholly without merit," and it states that as soon as it was informed via Neal's complaint that she claimed to have exercised her right to rescind, it repeatedly sought to contact Rogers to obtain copies of the Notice of Right to Rescind. 21st Mortgage denies any liability for the alleged failure to cancel Neal's deed of trust, asserting that Rogers, as the closing attorney,

2

had "[e]ach and every responsibility for closing the transaction, including, but not limited to the title examination and reports, document preparation, lien perfection [and] conducting the closing," and that Rogers also had the responsibility to record a cancellation of the deed of trust. It alleges that, "at the very least, [Rogers] had a duty to advise 21st Mortgage that it should record and execute a cancellation of the Deed of Trust." 21st Mortgage charges, finally, that if it is found liable to Neal, then it will be entitled to judgment against Rogers for contribution and/or indemnity of any and all damages for which it is found liable to Neal.

Rogers has moved to dismiss the third-party complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 14(a) contending that the claims asserted by 21st Mortgage are not proper in the context of a third-party action, and further, that even if the complaint were arguably proper under Rule 14(a), it nevertheless fails to state a claim under Rule 12(b)(6). Rule 14(a), which governs third-party practice in federal court, states, in relevant part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed. R. Civ. Proc. 14(a). Under this rule, a third-party claim

3

must be for some form of derivative or secondary liability of the third-party defendant to the third-party plaintiff. See United States v. Joe Grasso & Son, Inc., 380 F. 2d 749, 751 (5th Cir. 1967) (recognizing that impleader is appropriate "only in cases where the third party's liability [is] in some way derivative of the outcome of the main claim," i.e., "the third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery, ..., or that the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant...."). Typically, this requirement that the third-party claim be for derivative or secondary liability is met by an allegation of a right of indemnity, contribution, subrogation or warranty. In this case, 21st Mortgage purports to sue Rogers for contribution and/or indemnity. In the court's opinion, however, it has failed to state a viable claim for either.

As a matter of law, 21st Mortgage cannot state a claim against Rogers for contribution. Because Rule 14 does not create any substantive rights but rather merely governs the procedure for impleading third parties, the court must look to state law to determine whether there is a substantive right to the relief sought. McClellan v. Poole, 692 F. Supp. 687, 689 (S.D. Miss., 1988) (citing 6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1451 (1971)). Only where state law provides a

4

substantive basis for recovery is impleader permissible. Id. Under Mississippi law, a defendant has no right to implead a third-party defendant in order to seek contribution from a joint tortfeasor who has not been sued by the plaintiff. See Estate of Hunter v. General Motors Corp., 729 So. 2d 1264 (Miss. 1999) (finding impleader improper as defendant had no substantive right to contribution in light of long-stating rule in Mississippi that contribution among joint tortfeasors is unavailable absent a joint judgment against the tortfeasors); McClellan, 692 F. Supp. at 689 (recognizing that in states like Mississippi that require the plaintiff to secure a joint judgment against tortfeasors as a precondition to the accrual of any right of contribution between or among them, "'an alleged joint tortfeasor who was not sued by the original plaintiff cannot be made a third-party defendant'") (quoting Wright & Miller § 1451)).

21st Mortgage asserts, alternatively, that in the event it is held liable to Neal, it will be entitled to indemnity from Rogers. Yet the complaint discloses no basis for this conclusory assertion. Under Mississippi law,

> An obligation to indemnify may arise from a contractual relation, from an implied contractual relation, or out of liability imposed by law. When one person is required to pay money which another person in all fairness should pay, then the former may recover indemnity from the latter in the amount which he paid, provided the person making the payment has not conducted himself in a wrongful manner so as to bar his recovery.

5

Bush v. City of Laurel, 215 So. 2d 256, 259 (Miss. 1968) (citations omitted).  See also T & S Express, Inc. v. Liberty Mut. Ins. Co., 842 So. 2d 270 (Miss. Ct. App. 2003).  21st Mortgage's claim against Rogers cannot be for contractual or implied contractual indemnity as its complaint explicitly denies any express or implied contractual relationship with Rogers. Presumably, then, its claim is grounded in a theory of implied indemnity.[1]  "In Mississippi, the historic rule governing implied indemnity is that . . . where one defendant's liability is secondary as opposed to primary or is based on passive conduct as opposed to positive negligence, that party may be entitled, upon an 'equitable consideration' to indemnity."  Strickland v. Rossini, 589 So. 2d 1268. 1276 (Miss. 1991) (Home Insurance Co. v. Atlas Tank Mfg. Co., 230 So. 2d 549, 551 (Miss. 1970)).  21st Mortgage has alleged that Rogers was the one responsible for recording a cancellation of the deed of trust, or that, "at the very least, [Rogers] had a duty to advise 21st Mortgage that it should record and execute a cancellation of the Deed of Trust." 21st Mortgage's conclusory allegation that Rogers had a duty to advise 21st Mortgage as to the company's duties with respect to

---

[1]   Although 21st Mortgage filed a response to the motion, it did not bother therein to explain the basis for its claims, but rather merely asserted terse, general denials as to the essentials of Rogers' motion.  Despite its obligation to do so under the local rules, it failed to provide a memorandum of authorities in support of its position.  See Local Rule 7.2(D).

6

cancellation of the deed of trust is contradicted by 21st Mortgage's explicit factual allegation that it did not hire or engage Rogers to conduct the closing or for any other purpose and that it had no attorney-client relationship with Rogers.[2] In the absence of an attorney-client relationship, the court cannot fathom (and the complaint cannot be read to infer) any source of the alleged duty to require Rogers to inform 21st Mortgage that Neal had executed a Notice of Right to Rescind or to advise 21st Mortgage of its legal duties.

Moreover, 21st Mortgage's further conclusory charge that Rogers was the one who had responsibility for cancelling the deed of trust is belied by the complaint's factual allegations and pertinent documents which are attached to the complaint.[3] According to the complaint, Rogers was hired by Johnson Mobile Homes to be the closing attorney. Rogers was thus responsible to prepare for and conduct the closing. His responsibilities in the

---

[2] 21st Mortgage alleges that Rogers was hired by the mobile home seller, Johnson Mobile Home, to conduct the closing.

[3] In resolving a motion to dismiss for failure to state a claim upon which relief may be granted, this court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotations omitted), and considers the complaint and its proper attachments as well as to documents that a party attaches to its motion, "if they are referred to in the plaintiff's complaint and are central to her claim," Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 204 (5th Cir. 2004).

role of closing attorney would have included presenting appropriate documentation to the parties, including Neal's Notice of Right to Rescind, and recording any pertinent closing documents, including deeds and security instruments.[4]  However, there is no basis for concluding that Rogers' engagement as closing attorney required that he also be involved with any rescission and/or cancellation process occurring after the closing.  Indeed, that the Notice of Right to Rescind designates 21st Mortgage as the only party to which notice of rescission must be communicated in order to be effective[5] further belies the suggestion that Rogers had any responsibility, much less primary responsibility, for cancelling and/or recording cancellation of the deed of trust.[6]  Indeed, when notice of the rescission was

---

[4] The court notes that the complaint does not allege or intimate that Rogers did not satisfactorily complete those responsibilities encompassed within his role as closing attorney.

[5]     The notice recites:
If you so cancel this transaction, any lien, mortgage, or other security interest on your land arising from the transaction is automatically void.  You are also entitled to receive a refund of any down payment or other consideration if you cancel.  If you decide to cancel this transaction you may do so by notifying <u>21st Mortgage Corporation</u> at 620 Market St., Suite 100, Knoxville, TN 37902 by mail or telegram sent not later than midnight of January 7th, 2008.

[6] Although 21st Mortgage alleges in its complaint that Rogers owed Neal a duty to record the cancellation, that is not a basis for a viable indemnity claim.  An allegation that the third party is a

8

not even required to be given to Rogers, the only reasonable inference to be drawn is that the lender, 21st Mortgage, not Rogers, was responsible for cancelling the deed of trust.[7]

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal quotation omitted). In the case at bar, this means that 21st Mortgage must have presented sufficient factual allegations in support of its claim for indemnity to raise a right to relief above the speculative level. As it has not done so, it has failed to state a claim upon which relief may be granted and its third-party complaint

---

joint tortfeasor or the one really liable to the original plaintiff is insufficient to state a third-party claim. See United States v. Bailey, 516 F.Supp. 2d 998, 1019-20 (D. Minn. 2007)(stating that a "defendant may not use Rule 14 to implead a third-party defendant who may have liability to the plaintiff instead of the defendant or in addition to the defendant").

[7] Rogers certainly had no duty to do so on behalf of 21st Mortgage since, according to 21st Mortgage's own allegations, he had no attorney-client relationship with the lender.

will therefore be dismissed.

Based on the foregoing, it is ordered that Rogers' motion to dismiss the third-party complaint for failure to state a claim is granted.

SO ORDERED this the ___ day of February, 2009.


                                    UNITED STATES DISTRICT JUDGE